Filed 6/6/25  P. v. Perez-Mejia CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH PEREZ-MEJIA,<br><br>        Defendant and Appellant. | A171161<br><br>(Contra Costa County<br>Super. Ct. No. 022300093) |

Defendant Joseph Perez-Mejia was charged by felony complaint with one count of second-degree burglary.  (Pen. Code, § 459.)[1]  The complaint further alleged that defendant had been convicted of multiple prior felonies (§ 1203, subd. (e)(4)) and was in violation of probation (§ 1203.3).  In August 2023, the trial court appointed a mental health expert to evaluate defendant's mental competence.  Based on the evaluation, the trial court found that defendant was not competent to stand trial.  In January 2024, the court placed defendant in a diversion program at the Regional Center of the East Bay (RCEB).

In July 2024, diversion was terminated after defendant left the program without permission on multiple occasions.  RCEB recommended that defendant be committed to the State Department of Developmental Center

---

[1]    All further undesignated statutory references are to the Penal Code.

1

Services (SDDC) for placement at the Porterville Developmental Center, a locked facility. On July 30, 2024, the trial court committed defendant to SDDC for a maximum of two years and suspended the criminal proceedings.

On August 1, 2024, defendant filed a timely notice of appeal seeking review of the order of commitment.

Defendant's court-appointed counsel has now filed a brief raising no arguable issues and seeking our independent review of the record.

The procedures of *People v. Wende* (1979) 25 Cal.3d 436, requiring appellate courts to independently review the record where appointed counsel has found no arguable issues, do not apply to appeals in civil conservatorship proceedings under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et. seq.). (*Conservatorship of Ben. C.* (2007) 40 Cal.4th 529, 535 (*Ben C.*).) Where appointed counsel in a conservatorship appeal finds no arguable issues, counsel "should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law. Such a brief will provide an adequate basis for the court to dismiss the appeal on its own motion." (*Ben C.*, at p. 544, footnotes omitted.) Additionally, "[t]he conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (*Id.* at p. 544, fn. 6.)

The brief filed by defendant's appointed counsel sets out the applicable facts and the law and indicates he has found no arguable issues. In his supporting declaration, defendant's counsel states he informed defendant of his intent to file the brief and apprised defendant of his right to file a supplemental brief within 30 days. The proof of service accompanying the brief shows that on May 2, 2025, counsel served a copy of the brief on defendant. More than 30 days has elapsed since the filing and service of the

2

brief, and defendant has not filed a supplemental brief in this court. Accordingly, under *Ben C.*, dismissal is appropriate.

Defendant's counsel nevertheless urges us to conduct an independent review "to confirm that proper procedures were followed and that the [commitment] order is supported by sufficient evidence." (*Ben C., supra*, 40 Cal.4th at p. 555 (dis. opn. of George, C.J.).) We decline to do so. The record indicates that in November 2024, SDDC issued a mental status report recommending that the trial court consider defendant competent to stand trial. On our own motion, we take judicial notice of the docket for this case on the trial court's public website, which reflects that defendant was returned to the custody of the trial court in December 2024. (Super. Ct. Contra Costa Co., Online Case Information Web site <https://odyportal.cc-courts.org/portal> [as of Jun. 6, 2025], case no. 022300093.) (See *Tabarrejo v. Superior Court* (2014) 232 Cal.App.4th 849, 855, fn. 2 [judicial notice of trial court docket]; *In re Karen G.* (2004) 121 Cal.App.4th 1384, 1390 [judicial notice of postappeal matter in deciding whether appeal was moot].) Thus, it appears that defendant's appeal from the commitment order is moot. (See *Conservatorship of John L.* (2010) 48 Cal.4th 131, 142, fn. 2 [appeal moot where conservatorship ended during appellate process].) As such, this is not a situation where a "second look" at the record would help "to ensure that [defendant is] not inappropriately confined." (*Ben C., supra*, 40 Cal.4th at p. 556 (dis. opn. of George, C.J.).)[2]

---

[2] We note defendant was served with the no-arguable-issues brief by mail on May 2, 2025 at the Porterville Development Center even though it appears he is no longer there. It is not apparent whether the brief has been forwarded to defendant at his current location in a timely manner. In any event, this circumstance merely underscores the mootness of the appeal, which provides an independent basis for dismissal.

## DISPOSITION

The appeal is dismissed.

_____
Fujisaki, J.

WE CONCUR:

_____
Tucher, P.J.

_____
Rodríguez, J.

*People v. Perez-Mejia* (A171161)